**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DONACIANO GARZA, JR.** | § | |
| | § | |
| **V.** | § | **A-16-CA-582-RP** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint, the Government's Motion to Dismiss, and Plaintiff's response thereto.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in FCI Bastrop.  Plaintiff alleges the Government has been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and Bureau of Prison employees were negligent in refusing to provide a surgical

procedure to Plaintiff's left eye by an outside opthmologist to treat glaucoma of the eye.  Plaintiff indicates he has lost his vision in his left eye.  Plaintiff seeks damages in the amount of $8,500,000.

The Government moves to dismiss Plaintiff's constitutional claims, as those claims are barred by sovereign immunity and cannot be brought pursuant to 42 U.S.C. § 1983.  The Government moves to dismiss Plaintiff's negligence claims for his failure to exhaust administrative remedies.

DISCUSSION AND ANALYSIS

A.    Constitutional Claims

Plaintiff's claims for alleged constitutional violations against the United States are barred by the doctrine of sovereign immunity.  Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72 (2001); FDIC v. Meyer, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity).  Therefore, the Court lacks jurisdiction over Plaintiff's constitutional claims.

B.    Negligence Claims Under the Federal Tort Claims Act "FTCA"

The FTCA is a limited waiver of the United States's sovereign immunity allowing "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008).  Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This "requirement is a prerequisite to suit under the FTCA." Life Partners Inc. v. United States, 650

2

F.3d 1026, 1030 (5th Cir. 2011). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." McAfee v. 5th Circuit Judges, 884 F.2d 221, 223-23 (5th Cir. 1989).

Plaintiff contends he exhausted his administrative remedies by "using the prison grievance procedure." As explained by the Government, the Bureau of Prison's FTCA claims procedure is separate from the Bureau of Prison's grievance procedure.

In response to the Government's Motion to Dismiss, Plaintiff provided to the Court a Claim for Damage, Injury or Death he executed on July 27, 2016, more than two months after Plaintiff filed his complaint. Because Plaintiff did not properly exhaust his administrative remedies prior to filing this suit, Plaintiff's negligence claims should be dismissed for want of jurisdiction.

## RECOMMENDATION

It is therefore recommended that the Government's Motion to Dismiss be granted and Plaintiff's complaint be dismissed without prejudice for want of jurisdiction.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas</u>

<u>v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

      **SIGNED** on August 30, 2016.

_____

MARK  LANE
UNITED STATES MAGISTRATE JUDGE